### Ex parte Jose Diaz VALENCIANO, Relator.

### No. 04–85–00069–CV.

Court of Appeals of Texas, San Antonio.

July 31, 1985.

Discretionary Review Granted Nov. 13, 1985.

Gregory W. Canfield, San Antonio, for appellant.

Sam D. Millsap, Jr., Dist. Atty., Edward Shaughnessy, III, Asst. Crim. Dist. Atty., San Antonio, for appellee.

## OPINION

Before REEVES, TIJERINA, and SHARPE, JJ.*

REEVES, Justice.

Jose Diaz Valenciano was found guilty by a jury of the offense of indecency with a child. He was sentenced to two years in the Texas Department of Corrections. Valenciano perfected his appeal to this court and posted a $10,000.00 surety bond.[1] As a condition to Valenciano's bond, the trial court imposed the condition that the appellant was forbidden to return to his residence located in the neighborhood where the offense was committed.

---

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to Paragraph (d) of Article 1812, Texas Revised Civil Statutes as amended by H.B. 2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, eff. June 16, 1983).

1. At the writ of habeas corpus hearing, the trial court ordered the surety bond be rescinded and required appellant to post a $10,000.00 cash bond. Appellant sought review of this decision but this ground of error has been rendered moot by order of the trial court changing the bond from a cash bond to a surety bond.

Appellant filed a writ of habeas corpus to urge the condition operates to illegally confine and restrain his liberty. After a hearing, the trial court denied the relief requested and made the following findings of fact:

1. The facts and circumstances involved herein requires [sic] that the Court impose the condition that the applicant be prohibited from returning to his residence at 119 Lively St., San Antonio, Texas.

2. Applicant in this cause, Jose Diaz Valenciano, has appealed the conviction in Cause No. 84–CR–1153.

Appellant contends that the condition he not return to his residence violates his constitutional rights. U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19.

The Code of Criminal Procedure provides that a court may impose "reasonable conditions on bail pending the finality of his conviction." TEX.CODE CRIM.PROC. ANN. art. 44.04(c) (Vernon Supp.1985).

▮ Bail conditions must be "based upon standards relevant to the purpose of assuring the presence of [the] defendant." *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 1 (1951). Such conditions may not impinge unreasonably upon rights guaranteed by the constitution. In *Estrada v. State,* 594 S.W.2d 445, 447 (Tex.Crim.App. 1980), the court held that the term "reasonable" in relation to conditions authorized by article 44.04(c) encompasses these tests, and the power of the court to impose reasonable conditions on appeal bonds is not repugnant to the Constitution of the United States or of Texas.

The central inquiry, then, is if the condition imposed by the trial court is reasonable. The record on the writ of habeas corpus reveals the following:

THE COURT: I asked you, Mr. Canfield, Monday if you could be here Thursday for a hearing, but I saw a news article on televsion [sic] last night.

Of course we don't decide things based on what we hear on television. I thought it was important to move up our hearing until today.

\* \* \* \* \* \*

THE COURT: I felt it made great common sense this man not go back to the neighborhood, even though he is entitled. And I have to set a reasonable bond, otherwise the Court of Appeals will release him, as they have done to me recently, and I recognize all of that.

I felt it was perfectly reasonable this man not go back to his neighborhood. I have seen all the neighbors. I saw the trial, the jury made the decisions in this case, but I felt that was reasonable. I still think it's reasonable and I think it has become even more reasonable. And a new issue has developed as to whether or not Mr. Valenciano would be safe in the neighborhood. That is a possible issue, at least I presume that may be part of the testimony.

I am going to appeal to you to consider not just the law but also reasonableness. If you want to persist in this I will have the hearing, if this is what you want. If you persist I will have the hearing. I think it's best he not go back to that house. I personally think it is best he sell his home, never go back in again, and get his family out of there too on Lively Street or wherever this is.

\* \* \* \* \* \*

Q: [By the State] Mr. Valenciano has another place to live, does he not?

A: [By appellant's wife] Not to live, to stay temporarily.

Q: Don't you think it would be best for you to leave that neighborhood right away, even for his health?

A: Well, things were peaceful for awhile. It was just until last night that things got routed up.

\* \* \* \* \* \*

THE COURT: I want to explain to you first I can't tell people not to picket a place, you see. And it would seem to me if people are picketing outside of your home that would put more pressure on Mr. Valenciano. And since I don't have any control over that situation, and you don't, it seems to me the most reasonable thing to do would be to trade your house with a relative or some other person.

\* \* \* \* \* \*

Q: [By the State] And have you seen Mr. Valenciano since then back in your neighborhood?

A: [By the complainant's father] Yes.

Q: And what kind of behavior or conduct is going on around there now?

A: It's awful, lots of trouble. It's going to be more trouble if the man is there. My little daughter, I want her to go back to her room to sleep at night and she will not go. She is afraid. She is back in a back bedroom. We have to keep the lights turned off and while he was gone she slept in her bedroom. She refuses to do it now as long as he is there. She is coming to me and told me she is not going to sleep in there, she is afraid.

\* \* \* \* \* \*

■ The court stated it based its discretion on the evidence introduced at the trial in chief as well as on the testimony of the defendant's wife and the complainant's father at the habeas corpus hearing. The issue of the safety of the appellant was considered. We do not find the condition imposed in this case to be unreasonable and outside those envisioned by article 44.04(c). *See Ex parte Davila,* 623 S.W.2d 408 (Tex. Crim.App.1981) (requirements of reporting to probation officer twice daily by phone or in person, and securing written permission to leave the county were held reasonable); *Estrada v. State,* 594 S.W.2d 445 (Tex. Crim.App.1980) (requirement of weekly urine test held reasonable).