**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Clarence COOK, Defendant-**
**Appellant.**

**No. 28979**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 24, 1970.

---

Louis Vernell, Miami Beach, Fla., for appellant.

John L. Briggs, U. S. Atty., Joseph W. Hatchett, Harvey E. Schlesinger, Asst. U.S. Attys., Jacksonville, Fla., for appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

■ This is an appeal pursuant to 18 U.S.C.A. § 3147, and Rule 9(a) of the Federal Rules of Appellate Procedure from an order of the district court imposing travel and other restrictions on appellant's appearance bond. We affirm.[1]

In February of 1969, appellant was charged in a five-count information with violating 26 U.S.C.A. § 7203, (willful failure to file an income tax return). He was released on a $5,000.00 surety bond. Thereafter a hearing was held on motion of the government as to the propriety of imposing certain restrictions upon appellant's bond. As a result of this hearing, the court directed the execution of a new surety bond in the amount of $5,000.00 to include the following restrictions:

(a) The defendant shall not leave the jurisdiction of the Southern District of Florida or the Middle District of Florida for any reason whatsoever without the specific written permission from the Jack-sonville Division of the United States District Court for the Middle District of Florida.

(b) The defendant shall not associate with any convicted felons, or any persons of bad reputation, or any other persons on either probation or parole.

■ The appellant contends that these restrictions are without basis and that they deprive him of a lawful means of livelihood. While it is clear that appellant was entitled to bail under Rule 46, F.R.Crim.P., and 18 U.S.C.A. § 3146, the conditions of the bail are left to the discretion of the issuing authority as long as those conditions are necessary to reasonably assure the appearance of the person as required. See Brown v. Fogel, 4 Cir., 1968, 387 F.2d 692. Cf. Brown v. United States, 5 Cir., 1968, 392 F.2d 189; and see 3 Wright, Federal Practice and Procedure, § 763–64. Restrictions as to travel and association are specifically authorized by 18 U.S.C.A. § 3146(a) (2). No abuse of discretion is to be found on the record before us as to the imposition of the stated restrictions.

Affirmed.

---

1. We dispose of this case on the briefs and record, without oral argument, as provided by our Local Rule 18.