**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Cliffton Ralph CRAMER, Defendant-**
**Appellant.**

**No. 71–2893**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Nov. 23, 1971.

---

\* [1]  Rule 18, 5th Cir.;  See Isbell Enterprises, Inc. v. Citizens Casualty Co. of  New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Stephen M. Orr, Austin, Tex., for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

Cliffton Ralph Cramer has filed in this court a petition for removal of conditions imposed upon his release pending trial, and a petition for writ of habeas corpus raising the same point. We treat them as an appeal under 18 U.S.C. § 3147(b) (2).[1] The conditions imposed on appellant's release are unauthorized and must be removed.

Appellant, who is 19 years old, was indicted in the Western District of Texas on August 12, 1971, on numerous counts charging mail fraud. He voluntarily surrendered August 13, and was placed by a United States Magistrate under $5,000 unsecured bond. At arraignment on August 26 he pleaded not guilty, and the District Judge directed he be held in custody until the court could obtain information from the probation officer, which it was estimated would require three or four days.

On September 1 a hearing on conditions of release was begun before a United States Magistrate, and completed the next day before the District Judge. At the conclusion the judge announced in open court that Cramer would be released on the original $5,000 bond, with special conditions that he not leave the city limits of Odessa, Texas (his home and the home of his mother); that he refrain from attending meetings conducted by his employer; and that he remove (from an apartment occupied by him) and reside in his mother's home as soon as she could provide space for him. The court did not comply with Rule 9, FRAP, requiring that upon entry of an order imposing conditions of release he must state in writing the reasons for the action taken.[2] However, notations appear on the court's docket stating the conditions of release, and the court orally announced both the conditions and its reasons for imposing them. Since the issues are fully presented to us and appellate review of orders imposing conditions of release is required to be promptly given, Rule 9(a), FRAP, we move directly to the merits.[3]

---

1. As discussed below, the District Court failed to enter an order as prescribed by Rule 9, FRAP. This has required Cramer to seek appellate review in an unorthodox fashion.

2. From time to time this court has remanded cases for entry of Rule 9(a) orders where the district judge has not indicated his reasons. Until the district judge gives his reasons a reviewing court cannot accord his decision the weight it otherwise would merit. Weaver v. United States, 405 F.2d 315 (D.C.Cir.1968).

3. Rule 9 requires that notice of appeal be given the U. S. Attorney. Cramer's petition for habeas corpus was served on the U. S. Attorney, who has filed a response.

■ The District Judge's reasons were based on his expressed desire—understandable under the circumstances—to protect this youth, charged with crime for the first time, from what the court considered to be further consequences of his own folly.[4] He considered that Cramer's employer, and persons associated with it, were engaging in transactions either illegal or highly suspect and of a nature similar or related to those for which Cramer had been indicted. The court stated that Cramer was a bright young man who had fallen into fast company, and if not careful he would become a "con man" and spend the rest of his life dodging the law. However laudable the concern of the court as to what seemed best for this youthful accused, and however high the judge's intentions in imposing the conditions, since adoption by the Congress of the Bail Reform Act of 1966,[5] "conditions of [pretrial] release in a non-capital case are for the sole purpose of reasonably assuring the presence of the defendant at trial." Brown v. United States, 392 F.2d 189 (5th Cir. 1968); 2 US Congressional & Administrative News, 89th Congress, 1966, 2d Session, pp. 2295 et seq. Conditions of bail are in the discretion of the issuing authority "as long as those conditions are necessary to reasonably assure the appearance of the person as required." United States v. Cook, 428 F.2d 460 (5th Cir. 1970). The conditions imposed upon Cramer were not intended for that purpose and there is no evidence that they are related to that purpose. The evidence is that appellant, though under serious multiple charges, has no previous criminal record. He worked his way through high school and one year of college, he was an honor student and a member of the National Honor Society (for high school scholastic achievement). Prior to the present difficulty he had showed himself to be responsible. He has lived in Odessa all his life and attended college there. He surrendered immediately after indictment. While out on bond for some two weeks prior to arraignment, he continued to live in his apartment and he appeared for arraignment when scheduled. The probation officer who had investigated Cramer testified that nothing in the investigation indicated that he would not appear in court whenever his presence was required.

Under these circumstances the conditions cannot stand.

■ The record of the hearing on conditions of release reveals a possible misinterpretation of § 3146. From the beginning the Magistrate focused on the factors enumerated in § 3146(b) for determining which conditions of release would reasonably assure appearance. The threshold determination to be made, under § 3146(a), is whether release on personal recognizance or unsecured appearance bond, without imposition of any further conditions, will reasonably assure appearance, and only after that inquiry is answered in the negative does the focus switch to conditions to be imposed alternatively or in addition to the method of personal recognizance or unsecured bond. The subject matters enumerated in § 3146(b) are relevant to the first inquiry as well as the second, but examination of that subject matter must not obscure the two-step nature of the statutory procedures.

The conditions of release other than the $5,000 unsecured appearance bond are vacated.

---

4. He viewed Cramer as having been swept away by the lure of big money, expensive automobiles, and racy living, and as not making mature judgments about his own welfare.

5. P.C. 89–465, 80 Stat. 214.