Alberto ESTRADA, Appellant,

v.

The STATE of Texas, Appellee.

No. 62970.

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 27, 1980.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and CLINTON, JJ.

## OPINION

DOUGLAS, Judge.

Appellant was convicted of possession of heroin. The court assessed punishment at five years.

Estrada complains on appeal of certain conditions placed upon his appeal bond pursuant to Article 44.04(c), V.A.C.C.P.[1] He contends that the provision of Article 44.-04(c) permitting conditions to be placed upon bail pending appeal is violative of the Constitutions of Texas and of the United States, and further asserts that, even if the provision is constitutional, certain of the conditions placed upon his bond are unreasonable.

We find no authority for the assertion that bail conditions are per se unconstitutional. Addressing that question, the United States Court of Appeals for the Eighth Circuit wrote in a per curiam opinion:

> "The defendants cite no authority for this contention and we think the course of the common law in England and the development of the common law and statutory law in the United States demonstrate that the courts have the inherent power to place restrictive conditions upon the granting of bail."

*United States v. Smith*, 444 F.2d 61 (8th Cir. 1971), cert. denied, 405 U.S. 977, 92 S.Ct. 1205, 31 L.Ed.2d 253.

---

1. Article 44.04(c), V.A.C.C.P., provides:

"Pending the appeal from any felony conviction where the punishment does not exceed 15 years confinement, the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail, permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction becomes final. The court may impose reasonable conditions on bail pending the finality of his conviction. On a finding by the court on a preponderance of the evidence of a violation of a condition, the court may revoke the bail."

■ The fountainhead of constitutionality of bail conditions is that they be "based upon standards relevant to the purpose of assuring the presence of [the] defendant." *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed.2d 3 (1951). Such conditions may not impinge unreasonably upon rights guaranteed by the Constitution.[2]

We hold that the term "reasonable" in relation to conditions authorized by Article 44.04(c) encompasses these tests, and that the power of the court to impose reasonable conditions on appeal bonds is not repugnant to the Constitution of the United States or of Texas.

■ The sole remaining question is whether the conditions set by the court were reasonable. The court originally placed the following conditions upon the granting of bail:

"Defendant, ALBERTO ESTRADA, shall:

"(A) Commit no offense against the laws of this State or of any other State or of the United States;

"(B) Report, in person, to the Adult Probation Officer between the first and tenth days of each month;

"(C) Permit the Adult Probation Officer to visit you at your home, your work, or elsewhere;

"(D) Report any change of job, job status, or residence to the Probation Office within twenty-four hours;

"(E) Remain within Nueces County, Texas, unless permitted to depart by the Court and/or the Probation Office;

"(F) Work faithfully at suitable employment as far as possible;

"(G) To insure the Court that you are refraining from illegal use of drugs, you will leave urine samples with the Corpus Christi Methadone Clinic each week, on Monday. Said urine samples to be collected and tested chemically at your cost, as deter-mined by Corpus Christi Methadone Clinic;

"(H) Permit the Corpus Christi Methadone Clinic to report in writing at least once each month the chemical results of said urine analysis to the Court and/or your probation officer, Ms. Claudia Booker; further, any medication prescribed by a physician to you must be immediately brought to the Corpus Christi Methadone Clinic and logged; further, any attempt by you to falsify your urine samples will be considered by the Court as an indication that you are illegally using drugs and may be cause for the Court to revoke your bond;

"(I) Attend at least one full drug counseling session each week as directed by your counselor at the Corpus Christi Methadone Clinic."

After a hearing upon those provisions, the court struck condition (C).

About conditions (G) and (H), appellant's counsel said:

". . . Your Honor, as far as I am concerned that is a condition that we agreed upon at the time that we had the hearing. We said we would do that. I suggest to the Court that probably is proper. He was attending that clinic and the Court had evidence of that. Mr. Estrada told me he is clean and he has no objection to doing that. With condition (g), he's willing to comply with that.

"(H), assuming this statute is constitutional, (h) permits the Methadone Clinic to report to the Court and/or Probation Officer and we have no objection."

We note also that appellant's continued abstention from heroin is rationally related to the likelihood of his continued appearance in court when necessary, and is probative of his abiding by the law as required by condition (A). Conditions (G) and (H) are reasonable and within the sound discretion of the court.

**2.** See, e. g., *United States ex rel. Means v. Solem*, 440 F.Supp. 544 (U.S.Dist.Ct. for Dist. of S.D., 1977), where the court found a provision that Means could not participate in the activities of the American Indian Movement to be an unreasonable impingement upon his first amendment rights.

In *Brown v. Chase*, 462 F.Supp. 938 (D.C., Vt., 1978), the United States District Court found that a provision of *pre-trial* bond substantially similar to condition (A) was not unconstitutional, and that violation of the law was probative of the increased likelihood of failure to appear when ordered. We agree.

The United States Court of Appeals for the Fifth Circuit, in *United States v. Cook*, 428 F.2d 460 (5th Cir. 1970), found that restrictions to travel and association far more pervasive than appellant's condition (E) were within the discretion of the court under a federal provision cognate to Section 44.04(c), supra.[3]

In overruling a refusal to release an appellant on bail, the United States Court of Appeals for the District of Columbia Circuit conditioned bail upon reporting to a probation officer subject to the same conditions as a probationer, remaining in the jurisdiction of the court except by express permission, continued residence with appellant's wife and children, and obtaining suitable employment. *United States v. Harrison*, 131 U.S.App.D.C. 390, 405 F.2d 355 (1968). These conditions are as stringent as Estrada's conditions (B), (D), (E) and (F).

In *Harrison*, the court noted that assured employment is a factor in determining the likelihood of appellant's appearance. We agree.

The same court went even further in *Banks v. United States*, 134 U.S.App.D.C. 254, 414 F.2d 1150 (1969), naming a probation officer, requiring a monthly report to the court by the officer, compliance with a curfew and rules of residence at a named residence, and the reporting by appellant's employer of any absence from work.

We hold that conditions (A), (B), (D), (E) and (F), less stringent than those approved by two United States Courts of Appeals, are reasonable and within the sound discretion of the court.

Estrada objects to condition (I) as unnecessary. At the hearing upon bail conditions, appellant's counsel said:

" . . . I suggest to the Court that he is not in need of counseling at this time. He is off the Lamb Program that he was on. He does not have a regular reporting date. In my opinion, because they have terminated this he is de-toxed, I believe that is the term they use. He should not be required to continue drug counseling and, as a matter of fact, even if he should be on the Lamb Program the people should be the ones giving that advice and not this Court. He volunteered to participate in that program. They testified that he was doing well for someone with his history. I suggest that (i) is unreasonable."

The court's reply makes it apparent that condition (I) is to take effect only in the event that the tests at the Methadone Clinic required by condition (G) show backsliding by appellant:

"(I) may be false draftmanship. Not required to participate in drug counseling unless, I think, the words as directed by Methadone Clinic, was supposed to convey that idea."

Interpreting condition (I) in that way, we hold that it is reasonable and within the sound discretion of the court.[4]

Conditions placed on Estrada were not an abuse of the court's discretion.

The relief sought is denied and the order setting the conditions of bail is affirmed.

ROBERTS and CLINTON, JJ., concur in the result.

---

**3.** 18 U.S.C. Section 3146, permits certain pre-trial bail conditions at the discretion of the court. 18 U.S.C. Section 3148 applies Section 3146 to bond on appeal.

**4.** We do not hold that, under circumstances warranting it, a provision for *mandatory* drug counseling would not be within the court's discretion. We mean only to give effect to the court's own interpretation of its ruling.