**Ex parte Jose Diaz VALENCIANO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1048–85.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 1, 1986.

Gregory W. Canfield, San Antonio, for appellant.

Sam D. Millsap, Jr., Dist. Atty., and Edward F. Shaughnessy, III, Asst. Dist. Atty., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Applicant was convicted of indecency with a child and sentenced to two years' incarceration in the Texas Department of Corrections. Pending appeal to the Fourth Court of Appeals applicant posted a $10,000 surety bond. As a condition to his bond, the trial court required applicant to stay away from his family residence. Applicant filed a writ of habeas corpus in the trial court to urge that the condition operated to illegally restrain his liberty and thus denied him due process of law. The trial court denied relief.

The Fourth Court of Appeals also denied relief holding that, based on the facts presented, the condition was valid under Art. 44.04(c), V.A.C.C.P., which allows the trial court to impose "reasonable" conditions on bail pending appeal. *Ex parte Valenciano*, 696 S.W.2d 226 (Tex.App.—San Antonio 1985). We granted appellant's petition for discretionary review in order to determine whether requiring appellant to remain away from his family residence is a reasonable bail condition allowable under Art. 44.04(c), V.A.C.C.P.

The record reflects that the offense for which appellant was convicted took place in his neighborhood and involved a neighborhood child. Further, numerous extraneous incidents were admitted during the course of the trial indicating that appellant had been indecent with other neighborhood children. Due to widespread press coverage, appellant's house was picketed. It is clear from the record that the trial judge imposed the bail condition in order to attempt to defuse a volatile situation in appellant's neighborhood. However, this does not make the condition legitimate.

Art. 44.04(c) reads, in relevant part:

Pending the appeal from any felony conviction ... the trial court may deny bail and commit the defendant to custody if there then exists good cause to believe that the defendant would not appear when his conviction became final or is likely to commit another offense while on bail, permit the defendant to remain at large on the existing bail, or, if not then on bail, admit him to reasonable bail until his conviction becomes final. *The court may impose reasonable conditions on bail pending the finality of his conviction ...* (Emphasis added)

In *Estrada v. State*, 594 S.W.2d 445 (Tex.Cr.App.1980), this Court said:

The fountain head of constitutionality of bail conditions is that they be 'based upon standards relevant to the purpose of assuring the presence of [the] defendant.' *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed.3 (1951). Such conditions may not impinge unreasonably upon rights guaranteed by the Constitution.

Thus, determining the "reasonableness" of a bail condition must be done in light of its purpose, to assure the presence of the defendant. In each individual case where conditions are imposed, those conditions must strike a balance between society's interest in assuring that the defendant will appear if and when his conviction becomes final and the defendant's interest in remaining free pending appeal. See *Estrada,* supra; *Mayo v. State,* 611 S.W.2d 442 (Tex.Cr.App.1981).

We fail to see how requiring appellant to abandon his family residence will in any way assure his presence should his conviction become final. The condition unreasonably impinges on appellant's freedom without forwarding society's interest in assuring his presence in any way. Therefore, the condition is not "reasonable" under *Art. 44.04(c),* supra.

Accordingly, the judgment of the Court of Appeals is reversed and the relief requested is granted.