**Michael Joseph Bitgood
EASTON, Relator,**

**v.**

**The Honorable Brian RAINS, Judge of
the 176th District Court of Harris
County, Texas, Respondent.**

**No. 01–93–00702–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 28, 1993.

Schneider & McKinney, P.C., Stanley G. Schneider, W. Troy McKinney, Houston, for relator.

Vic Wisner, Natalie Fleming, Linda West, Debbie Mantooth, Houston, for respondent.

Before COHEN, MIRABEL and HEDGES, JJ.

## OPINION

COHEN, Justice.

In a 1990 jury trial before respondent, relator Michael Joseph Bitgood Easton was convicted of theft, and respondent assessed his punishment at 10 years in prison, probated. The Eastland Court of Appeals remanded the case for a new punishment hearing. *Easton v. State,* No. 11–90–00062–CR (Tex. App.—Eastland, November 27, 1991, pet. ref'd) (unpublished). On April 27, 1993, respondent again assessed relator's punishment at 10 years, probated, and relator gave written notice of appeal. Respondent then ordered that relator, *inter alia,* pay certain accumulated court costs and begin reporting to the probation department, paying a supervisory fee, and performing community service, without waiting upon the final disposition of the new appeal. Relator seeks mandamus relief from that order. We find relator is entitled to partial relief, and we conditionally grant the writ.

At the conclusion of the April 27, 1993, punishment hearing, respondent announced his ruling from the bench, assessing relator's punishment, as before, at 10 years in prison, probated, and also orally described the conditions of that probation. Relator then gave written notice of appeal, and the following exchange next occurred:

[The court:] All right. That will be done, and again the court has stated before and will now state on the record that while this case is on appeal it expects for Mr. Easton to report to the probation department and be on probation just like he would if the case were not on appeal.

[Defense counsel:] Your Honor, we respectfully object to—I believe that once the case is put on written notice of appeal that that stays the enforcement of the judgment.

[The court:] You can object to it.

[Defense counsel:] Your honor, are you setting the appeal bond?

[The court:] I guess I can set an appeal bond then. . . . I can set an appeal bond or you can object to my making the defendant be on probation.

[Defense counsel:] Ask that he be allowed to be continued on the same appeal bond.

[The court:] As long as he does what he's supposed to do on probation, I don't have any problem with it at all.

[Defense counsel:] Same appeal bond in effect, your Honor?

[The court:] For now it is, but the conditions of probation apply to the appeal bond.

[Relator:] Yes, sir.

[The court:] You will report to the probation office. You will do everything you are supposed to do as a condition of

probation while you are out on appeal bond. So that satisfies that I suppose.

[Defense counsel:] Your honor, we respectfully object to that.

[The court:] As a condition of bond?

[Defense counsel:] Yes, your honor.

. . . .

[The court:] There's an appeal bond and I'm setting conditions for it. What's the objection to setting conditions? How are they harmful to anybody?

[Defense counsel:] The purpose of appeal bond is to suspend the enforcement of the judgment imposed by the Court.

[The court:] And ensure that the defendant stay out of trouble while he's out on appeal bond. . . . I've done that.

. . . .

[Defense counsel:] Does he have anything to do today?

[The court:] See the probation officer.

Respondent signed a written order that same day, saying, in pertinent part:

IT IS THEREFORE, CONSIDERED AND ORDERED by the court, that punishment be assessed at confinement ... for a period of 10 years. However, the imposition of the sentence [is] suspended and defendant is placed on probation for a period of 10 years, pending abiding by the conditions of probation as follows. (See attached conditions of probation.)

PROBATION EXPIRATION DATE: 04–26–2003

Written Notice of Appeal given: 04–27–1993

Appeal Bond Set at NO BOND.

Court ordered original appeal bond dated 03–21–1990 to remain in effect.[1]

The attachment referred to is captioned "Conditions of Probation." It says "it is the order of this court that you abide by the following Conditions of Probation during the term of your Probation," and then it directs relator (1) to report immediately in person that same day, April 27, 1993, to the county probation department, and thereafter as directed [condition (d) ], (2) to perform 10 hours per month of community service, beginning "upon placement" [condition (1) ]; (3) to pay a supervision fee of $40 per month to the probation department beginning on June 27, 1993 [condition (o) ], and (4) to pay $44.50 in court costs, in full, on June 27, 1993 [condition (r) ]. These orders, as well as the others[2] embodied in the attachment, were to

1. The record in relator's pending appeal, now assigned to this Court, shows that relator was admitted to bail pending the disposition of his earlier appeal to the Eastland court, and gave a $10,000 bond to secure his appearance.

2. The court also ordered relator to abide by the following conditions:

(a) Commit no offense against the laws of this or any other state or of the United States;

(b) Avoid injurious or vicious habits including the use of controlled substances and alcoholic beverages. You are forbidden to use, possess, or consume any controlled substances, dangerous drugs, or marihuana unless prescribed pursuant to a lawful prescription;

(c) Avoid persons or places of disreputable or harmful character and specifically [none entered in blank provided].

. . . .

(e) Work continuously at suitable employment and notify the probation officer within 48 hours of any change in employment status; present written verification of employment (including all attempts to secure employment) once each month on your reporting date;

(f) Permit the probation officer to visit you at your home, employment, or elsewhere;

(g) You are instructed to remain within the limits of Harris County and Ft. Bend County, Texas. You are not to travel outside of Harris County, Texas or change your place of residence unless you receive prior permission from the court through your probation officer;

(h) Support all dependents that you now have or that you may acquire during the probation period;

(i) Submit yourself to random urine specimen analysis by authorized personnel for the [probation department], including any department with courtesy supervision jurisdiction; reveal to said authorized personnel proof of any medication legally prescribed for you prior to submitting specimen. A urine specimen positive for any controlled substances, dangerous drugs, or marihuana, not legally prescribed for you, may result in adjudication of guilt or revocation of probation;

(j) Refrain from disorderly conduct, abusive language, or disturbing the peace while present at the office of the [probation department];

(k) [Blanks provided are not filled in];

. . . .

take effect without waiting upon the final disposition of relator's appeal, and without any other reference to the existence or progress of that appeal.

Later, on July 12, 1993, relator's motion for new trial was heard. At the conclusion of the hearing, respondent pronounced his ruling from the bench, denying a new trial. Respondent then stated further, "Conditions of bond are set, are still in effect. Mr. Easton still has to report to the probation office just like he were on probation as the conditions of bond, the appeal bond."

▮ Where the party aggrieved by a judicial decision has no adequate remedy by appeal, mandamus will issue to correct a clear abuse of discretion or the violation of a duty imposed by law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). Generally, where there is a disputed issue of material fact, mandamus relief will not be granted. *See Burns v. Kelly*, 658 S.W.2d 731, 733 (Tex.App.—Fort Worth 1983, orig. proceeding) (analogizing original mandamus proceeding in court of appeals to a summary judgment proceeding).

Relator seeks mandamus relief compelling respondent to vacate his order that relator begin reporting to the probation department and otherwise comply with the conditions set forth in the April 27, 1993, attachment, prior to the final disposition of relator's appeal.

▮ When an appeal is taken from a criminal conviction assessing a probated punishment, the terms of probation do not commence until the mandate from the appellate court, effecting final disposition of the appeal, is issued. *See Surety Corp. of America v. State*, 550 S.W.2d 689, 690 (Tex.Crim.App. 1977); *Delorme v. State*, 488 S.W.2d 808, 810 (Tex.Crim.App.1973); *see also Rodriguez v. State*, 680 S.W.2d 585, 587 (Tex.App.—Corpus Christi 1984, no pet.).

▮ Relator asserts the trial judge required him to begin complying with the terms of his probation before his conviction became final, in violation of the rule set forth in the preceding cases. We do not construe the order that way. Rather, the record shows that the conditions were placed on appellant's right to have bail pending appeal. If so construed, the judge had the authority to make these orders.

▮ Courts have inherent power to place restrictive conditions on appeal bonds. *Estrada v. State*, 594 S.W.2d 445, 446 (Tex. Crim.App. [Panel Op.] 1980). Setting conditions on bail is committed to the judge's sound discretion, and is to be reviewed only for abuse of that discretion. *Id.* at 447, 448. Conditions of an appeal bond may not impinge unreasonably upon rights guaranteed by the federal or state constitution; they must be reasonably related to securing the presence of the defendant. *Id.* at 446. In *Estrada*, the court approved conditions very similar to those here. Conditions (a), (d) through (g), (i), and (s) closely resemble those in *Estrada*. *See* 594 S.W.2d at 447. All are reasonably related to the likelihood of appellant's continued appearance in court when necessary. *Id.* The same is true of conditions (b), (c), (h), (j), (*l*), and (u). *Id.* Finally, the payment of the supervision fee required by condition (*o*) bears a rational relationship to the implementation of condition (d), the reporting in person to the county probation department. Relator has not shown that these requirements, if implemented as conditions on his appeal bond, constitute an abuse of discretion.

▮ Condition (r), to pay $44.50 in court costs on June 27, 1993, was an abuse of discretion. It has nothing to do with securing appellant's appearance in court. We grant partial relief by declaring it void. In addition, we hold that all provisions in the order stating that appellant is now on probation are void and are set aside. Appellant's probation will begin only after his appeal has been finally resolved and the appellate

(m) [Blanks provided are not filled in];
(n) [Blanks provided are not filled in];
....
(p) [Blanks provided are not filled in];
(q) [Blanks provided are not filled in];
....

(s) Take SALCE and follow recommended treatment;
(t) [Crossed out];
(u) Abide by TIER 2 guidelines if at any time it is assessed by HCCSCD that you require maximum supervision.

court's mandate has been returned to the district court. All other conditions are valid insofar as they set conditions on the appeal bond.

We are confident that respondent will reform his order to reflect that appellant is not now on probation, and does not have to comply with condition (r). The writ of mandamus will issue only if he does not.