**Ex Parte Joe Angelo SOTELO, Jr.**

**Joe Angelo SOTELO, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–93–167–CR, 2–93–252–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 31, 1993.

Rehearing Overruled Feb. 22, 1994.

Ward Casey, Fort Worth, for appellant.

Betty Marshall, Fort Worth, for state.

Before HILL, C.J., and WEAVER and DAY, JJ.

## OPINION

HILL, Chief Justice.

Joe Angelo Sotelo, Jr. appeals from the denial of his writ of habeas corpus in which he challenged the requirement of submitting himself to urinalysis twice weekly, at his expense, as a condition of his bail bond on appeal. Additionally, he appeals from the order of the trial court making more specific the requirement that he submit himself to urinalysis twice weekly, at his own expense, as a condition of his bond. He contends in two points of error in both causes that this bond condition unnecessarily infringes upon his right to privacy and subjects him to unreasonable search and seizure in violation of article I, section 9 of the Texas Constitution and the Fourth Amendment of the United States Constitution, and that the condition was not supported by evidence giving the court reason to believe that the infringement of his rights was necessary in order to protect society's interest in assuring that he will appear if and when his conviction becomes final. He urges that the condition, therefore, was unauthorized by article 44.04(c) of the Texas Code of Criminal Procedure. In the appeal from the order making the condition more specific, Sotelo insists, in a third point of error, that because the affidavit upon which the court relied to justify amending the conditions of his bond was made in response to the original unreasonable bond

conditions and resulting violation of his right to privacy under the Fourth Amendment of the United States Constitution, article I, section 9 of the Texas Constitution, and his rights under article 38.23 of the Texas Code of Criminal Procedure, the court was prohibited from taking judicial notice of the contents of the affidavit. He refers to the affidavit he filed in connection with his application for writ of habeas corpus.

We affirm the trial court's denial of the writ of habeas corpus because we hold that the condition of Sotelo's bail bond that he submit to urinalysis twice weekly at his own expense has become reasonable in view of his having tested positive for cocaine, and because we hold that by failing to object Sotelo waived any error in the trial court's imposing what was originally an unreasonable condition. Additionally, we hold that the trial court did not err in considering the papers in the proceeding before it, which included Sotelo's affidavit.

■ Article 44.04(c) of the Texas Code of Criminal Procedure provides that the court may impose reasonable conditions on bail pending the finality of the conviction. TEX.CODE CRIM.PROC.ANN. art. 44.04(c) (Vernon Supp.1994). The power of the trial court to impose reasonable conditions on such bonds is not repugnant to the Constitution of the United States or of Texas. *Estrada v. State*, 594 S.W.2d 445, 447 (Tex.Crim. App. [Panel Op.] 1980). Bail conditions must be based upon standards relevant to the purpose of assuring the presence of the defendant. *Stack v. Boyle*, 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951); *Estrada*, 594 S.W.2d at 447.

■ Our record in these two causes does not contain the statement of facts of Sotelo's underlying conviction from which we might determine whether that conviction was in any way drug related. However, the statement of facts is before this court in the appeal of that underlying conviction. The first issue, then, which we must determine is whether we may take judicial notice of the statement of facts in the appeal of Sotelo's underlying conviction.

■ Although an appellate court will take judicial notice of its own records in the same or related proceedings involving the same or nearly the same parties, the general rule is that an appellate court cannot go to the record of another case for the purpose of considering testimony not shown in the record of the case before it. *Salinas v. State*, 542 S.W.2d 864, 867 (Tex.Crim.App.1976). However, in this case the testimony of which we take judicial notice is the statement of facts from the same case as the case from which appeal of the order of amendment of the bond is taken. Consequently, we do take judicial notice of that statement of facts. In doing so, we note that Sotelo's underlying conviction was not in any way drug related.

■ The issue before us then is whether or not it was reasonable for the trial court to set twice-weekly urinalysis at the appellant's expense as a condition of his bail bond on appeal when the offense is not drug related and there is no showing at trial that the appellant has been involved with controlled substances in any way. We hold that the condition was not reasonable because it has no relevance to assuring the presence at trial of an appellant who did not appear to be involved with drugs.

The State relies on numerous cases in support of its contention that such a condition is reasonable. Those cases include, among others: *Owens v. Kelley*, 681 F.2d 1362 (11th Cir.1982); *Simpson v. State*, 772 S.W.2d 276 (Tex.App.—Amarillo 1989, no pet.); *Clay v. State*, 710 S.W.2d 119 (Tex. App.—Waco 1986, no pet.); and *Macias v. State*, 649 S.W.2d 150 (Tex.App.—El Paso 1983, no pet.). We have examined these cases, and we find them to be distinguishable. Some of the cases involve convictions for drug-related offenses. With respect to those that do not involve drug-related offenses, the opinions do not reveal whether or not drugs were shown at trial to be a factor either in the life of the defendant or in connection with the commission of the crime. We have not been referred to a case that specifically holds that it is reasonable to establish such a condition when there has been no showing of any relationship between drugs and the defendant.

■ The State also contends that Sotelo has waived this complaint by not making a timely objection to the condition. The condition was imposed on February 17, 1993. Sotelo made no objection to the condition until April 13, 1993, one week after he was informed that he had tested positive for cocaine. By the time, then, that Sotelo objected to the condition as not being reasonable, it had become reasonable by virtue of Sotelo having tested positive for cocaine.

Consequently, the condition now being reasonable, we hold that this bail bond condition does not unnecessarily infringe upon Sotelo's right to privacy nor does it subject him to unreasonable search and seizure in violation of article I, section 9 of the Texas Constitution and the Fourth Amendment of the United States Constitution. We hold that the evidence supports the court's finding that such a condition is necessary in order to protect society's interest in assuring that Sotelo will appear if and when his conviction becomes final. Finding that the condition is now reasonable, we further hold that it is authorized by article 44.04(c) of the Texas Code of Criminal Procedure. We hold that Sotelo waived any error in the original imposition of the condition by his failure to object. We overrule points of error numbers one and two in both appeals.

In his point of error number three in his appeal from the trial court's order making more specific the requirement that he submit himself to urinalysis twice weekly, at his own expense, as a condition of his bond, Sotelo presents nothing for review by presenting no argument or authority in support of his position. However, inasmuch as we can ascertain the basis of his complaint we will consider his point of error. *See Williams v. State*, 580 S.W.2d 361, 362 (Tex.Crim.App. [Panel Op.] 1979).

■ In his third point of error Sotelo contends that the trial court erred by considering, in the proceeding to make his bond conditions more specific, the affidavit he filed in his habeas corpus action since it was made in response to the unreasonable bond conditions of which he was complaining in that habeas corpus action. As we have noted,

Sotelo presents no argument or authority to the effect that under these facts the trial court could not properly consider the instruments filed in the proceeding before it, and we are not aware of any. We overrule point of error number three in the appeal from this order of the trial court.

We affirm the denial of the writ of habeas corpus and the trial court's order making more specific the requirement that Sotelo submit himself to urinalysis twice weekly, at his own expense, as a condition of his bond.

DAY, J., concurs without written opinion.