Lawrence Edward SPETH, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–96–00421–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 6, 1997.

George McCall Secrest, Jr., Houston, for appellant.

Alan Curry, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

ANDERSON, Justice.

In 1993, the appellant, Lawrence Edward Speth, was placed on probation for five years after receiving deferred adjudication on a charge of aggravated assault on a police officer. In 1995, appellant was charged with the offenses of indecency with a child and public lewdness. As a result, the State filed a motion to adjudicate the appellant's guilt on the underlying assault charge. After the court adjudicated appellant and assessed punishment he filed a notice of appeal. Pending this appeal, the trial court released appellant on bond. The court placed a number of conditions on appellant's bond, including requirements that he work at a full-time job or attend a full-time educational program, that he not work as a chiropractor[1] for the duration of his probation, and that he submit to electronic surveillance and pay the fees for that surveillance. Appellant filed a motion with the trial court to amend the conditions of his bond, requesting that particular conditions be stricken. When the court denied appellant's motion, he filed this appeal raising four points of error challenging the conditions of his appeal bond. We find one of the challenged conditions to be void. In all other respects, we affirm the order of the court below.

■ The Texas Code of Criminal Procedure governs whether a trial court may admit or deny bail while a convicted felon's appeal is pending. TEX.CODE CRIM. PROC. ANN. art. 44.04 (Vernon Supp.1996). If bail

is granted, trial courts may "impose reasonable conditions on bail pending the finality of [appellant's] conviction." *Id.* art. 44.04(c). Setting conditions on bail pending appeal is a matter that is committed to the sound discretion of the trial judge. *Easton v. Rains,* 866 S.W.2d 656, 659 (Tex.App.—Houston [1st Dist.] 1993, no pet.). As such, these conditions are subject to review only for an abuse of discretion. *Id.*

The Texas Court of Criminal Appeals has interpreted the reasonableness requirement set out in 44.04(c) to mean that the court may impose only such conditions that "strike a balance between society's interest in assuring that the defendant will appear if and when his conviction becomes final and the defendant's interest in remaining free pending appeal." *Valenciano v. State,* 720 S.W.2d 523, 525 (Tex.Crim.App.1986). Appellant contends, in his first two points of error, that the condition preventing him from working as a chiropractor is not related to ensuring his appearance in court if and when his conviction becomes final and that this same condition is vague and contradictory.

■ There are two reasons why the challenged appeal bond condition cannot stand. First, the condition prohibiting appellant from working as a chiropractor states that it is to apply "for [the] duration of probation." Because appellant cannot be placed on probation until after the appeals process is complete, this condition is not in effect during the period of appellate review as is an appeal bond condition. *Easton,* 866 S.W.2d at 659. When an appeal bond condition does not take effect until the appellant's probation begins, it is unenforceable until the mandate from the appellate court, effecting final disposition of the appeal, is issued. *See Easton,* 866 S.W.2d at 659.

■ Second, even if we were to set aside the wording in the trial court's order that the restriction is to apply "for [the] duration of probation," this particular condition would

---

1. We do not address the question of whether the trial court had the authority to impose a condition on appellant's ability to practice as a chiropractor in light of TEX.REV.CIV. STAT. ANN. art. 4512b which, *inter alia,* delegates the licensing of chiropractors in this State to a regulatory agency. The agency may deny appellant permission to take the licensing exam due to the fact that he now has a felony conviction. However, appellant failed to raise this issue as a point of error.

still violate the requirement that bail conditions be based upon standards relevant to the purpose of assuring the presence of the defendant. *Valenciano*, 720 S.W.2d at 524. In *Easton*, the court found that an appeal bond condition requiring appellant to pay $44.50 in court costs was an abuse of discretion because it had nothing to do with securing appellant's appearance in court. The *Valenciano* court reached the same conclusion about a condition requiring appellant to stay away from his family residence during the appeal. The condition imposed here, prohibiting appellant from working as a chiropractor, does not comply with the "reasonableness" standard in art. 44.04(c) as interpreted by the Court of Criminal Appeals in *Valenciano*.

■ We recognize that the trial court has immense discretion in setting conditions of an appeal bond. Moreover, the trial court is in the best position to analyze the facts and determine what conditions are reasonable in a given case. Nevertheless, the Court of Criminal Appeals has imposed a clear standard in requiring that appeal bond conditions relate to ensuring the appearance of the appellant at the conclusion of the appellate process. *Valenciano*, 720 S.W.2d at 525. Having found that this particular condition has a connection to that purpose that is tenuous, we must find it unreasonable and strike it.[2] The trial court abused its discretion when it prohibited appellant from working as a chiropractor for the duration of his appeal. Accordingly, we sustain appellant's first point of error and set aside that bond condition as void. Because we have sustained appellant's first point of error challenging the bond condition, we need not address appellant's second point of error which

asserts that the same condition is vague and contradictory.

■ In his third point of error, appellant challenges the condition that he submit to electronic monitoring pending appeal. He argues that article 17.43 of the Texas Code of Criminal Procedure only permits electronic monitoring when a defendant is released on a personal bond, and since this case involves a bail bond rather than a personal bond, the provision cannot be applied to him. However, appellant has overlooked article 17.44(a)(1) of the Texas Code of Criminal Procedure which expressly permits the trial court to order electronic monitoring as a condition of release on any bond. In addition, electronic monitoring is a reasonable appeal bond condition because it furthers the paramount purpose of ensuring appellant's appearance if and when his conviction becomes final and nonappealable. Therefore, we overrule appellant's point of error three.

■ In point of error four, appellant argues that the trial court impermissibly required him to pay the fees associated with electronic supervision as a condition of his appeal. We hold that because this condition is rationally related to the implementation of an otherwise permissible condition, submission to electronic monitoring, it is proper. *See Easton*, 866 S.W.2d at 659 (holding that requiring appellant to report to the county probation department is a permissible condition furthering the objective of securing appellant's continued presence in court, and requiring him to pay supervision fees is also authorized because it is rationally related to the implementation of that permissible condition).

---

**2.** Citing *Rodriguez v. State*, the State argues that when an appeal bond condition is aimed at preventing harmful associations which could lead to further criminal conduct on the part of the appellant, such a condition *indirectly* operates to assure his appearance in court. 744 S.W.2d 361, 363 (Tex.App.—Corpus Christi 1988, no pet.). In *Rodriguez* the appellant was a jealous former husband who was convicted of two counts of aggravated assault for attacking his ex-wife and her boyfriend. *Id.* at 362. After hearing testimony that appellant continued to threaten his ex-wife, the trial court set bond pending his appeal but imposed a condition that appellant neither

threaten nor go near either victim. *Id.* While the facts in *Rodriguez* may fall within the penumbra of the *Valenciano* reasonableness standard, the facts in the case *sub judice* are, in our view, too far removed from that faint glow. In some cases preventing further criminal acts may be "probative of the increased likelihood of failure to appear when ordered," *Estrada v. State*, 594 S.W.2d 445, 448 (Tex.Crim.App.1980), but in this case, the link between the condition imposed and the circumstances surrounding appellant's conviction for aggravated assault on a police officer is too tenuous to be probative on the matter of assuring appellant's appearance.

Because we have sustained appellant's first point of error, we modify the trial court's orders by deleting therefrom the condition to appellant's appeal bond prohibiting appellant from working as a chiropractor. All other challenged conditions of the appeal bond are valid. The judgment, as modified, is affirmed.