Jerry Wayne MARGOITTA, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–98–113–CR.

Court of Appeals of Texas, Waco.

June 2, 1999.

Whitney E. Fanning, C. Michael Flynn, Waco, for appellant.

John W. Segrest, Criminal Dist. Atty., Laura M. Alaniz, Asst. Dist. Atty., Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

Appellant, Jerry Wayne Margoitta, was convicted of indecency with a child, sentenced to ten years in prison and placed on ten years probation. He did not appeal that conviction. After eight years, his probation was revoked, and he was then sentenced to ten years in prison. Margoitta brings this appeal of the amount and the conditions of his bail pending appeal. We affirm the trial court's determination of the amount of the bail pending appeal and the numerous conditions attached to it.

## BACKGROUND

Margoitta plead guilty to the offense of indecency with a child and was placed on probation for ten years on March 7, 1990. During his probation, numerous voluntary amendments to his terms of probation were made. On March 4, 1993, the trial court continued Margoitta on probation but modified the terms of his probation after a hearing on the State's first motion to revoke Margoitta's probation. Then, on

April 9, 1998, the State filed a second motion to revoke, alleging Margoitta had unsupervised contact with a minor child on three separate occasions. Specifically, Margoitta was accused of being alone with his children and a nephew without any other adult supervision.' A hearing on the second motion was held before the trial court on April 29, 1998. After hearing testimony and arguments of counsel, the trial court revoked Margoitta's probation and sentenced him to ten years confinement in the penitentiary.

## AMOUNT OF BAIL PENDING APPEAL

■ In his first issue regarding the amount of bail set by the trial court, Margoitta complains that the trial court abused its discretion in "denying" his motion for reasonable bail.[1] At the conclusion of the revocation hearing, Margoitta gave oral notice of appeal from the judgment and sentence and requested reasonable bail pending appeal. The trial court immediately set bail at $35,000.

## APPLICABLE LAW

■ The rules for fixing an amount for bail prior to trial are provided by article 17.15 of the Code of Criminal Procedure. *See*, TEX.CODE CRIM. PROC. ANN. art. 17.15 (Vernon Supp.1999). However, after an accused has been found guilty, they are somewhat modified and supplemented by additional relevant considerations pursuant to article 44.04. *Mayo v. State*, 611 S.W.2d 442, 444 (Tex.Crim.App. [Panel Op.] 1981); TEX.CODE CRIM. PROC. ANN. art. 44.04 (Vernon Supp.1999). Margoitta bears the burden of proving to the trial court that the amount set for his bail pending appeal was excessive. *Ex parte Rubac*, 611 S.W.2d 848, 849 (Tex.Crim.

App. [Panel Op.] 1981); *See, Ex parte Emery*, 970 S.W.2d 144, 145 (Tex.App.—Waco 1998, no pet.). We cannot reverse the trial court's determination of bail pending appeal unless we find an abuse of discretion. *See, Read v. State*, 959 S.W.2d 228, 229 (Tex.App.—Fort Worth 1998, no pet.); *Ex parte Emery*, 970 S.W.2d at 145.

Bail was set in response to Margoitta's request. At the time of the pronouncement of the amount of bail, Margoitta made no objection nor requested any additional hearing to complain the bail was excessive. We do not question Margoitta's ability to appeal to this Court any order or judgment of the trial court regarding bail pending appeal. TEX.CODE CRIM. PROC. ANN art. 44.04(g) (Vernon Supp.1999).

■ However, the record must still show that a complaint was made to the trial court and that the trial court ruled, or refused to rule, on that complaint before this Court may actually review the issue presented. The Rules of Appellate Procedure require an appellant to take some action to bring his complaint to the attention of the trial court in some manner. The specific rule provides in relevant part:

(a) *In General.* As a prerequisite to presenting a *complaint* for appellate review, the record must show that:

(1) the *complaint* was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and ·

\* \* \*

(2) the trial court:

---

1. In his brief, this is his second issue. Margoitta initially filed two separate notices of appeal. We combined the two notices, and the parties submitted a combined brief on all issues raised. We later realized the error of combining the two appeals and separated the bail issues from the judgment and sentence issues. We did not require the parties to redraw their briefs to separate the issues. *See, Margoitta v. State*, 987 S.W.2d 611 (Tex. App.—Waco 1999, ord.). Margoitta's appeal of the revocation of his probation appears in Cause No. 10–99–00036–CR.

(A) ruled on the request, objection, or motion either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX.R.APP. P. 33.1(a). [Emphasis added].

Margoitta's case is procedurally analogous to *Hill v. State*, decided by the First Court of Appeals in Houston. In *Hill*, the appellant wanted to complain of the trial court's failure to set bail pending appeal. The appellant did not preserve his complaint, developed no record and could not point to an adverse ruling of the trial court. Because of these deficiencies, the First Court held that the appellant had waived review of his issue regarding the trial court's failure to set bail pending appeal. *Hill v. State*, 902 S.W.2d 57, 60 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd), *citing* former TEX.R.APP. P. 52(a) (now TEX.R.APP. P. 33.1(a)).

Margoitta made a general request for reasonable bail pending appeal, and the trial court set the amount. In his request, Margoitta did not indicate the amount he believed would be reasonable. Although his initial pre-trial bail in 1990 for the original offense had been set at $7,500, Margoitta had been denied bail pending his revocation of probation hearing. At no time did Margoitta complain to the trial court that he viewed the amount of bail pending appeal to be excessive. Therefore, he has failed to preserve his complaint and has waived review of this issue. *Id.*

Were we to assume that Margoitta had, in some manner, preserved this issue for our review, he nevertheless failed to meet his burden of proof. There is nothing in the record developed before the trial court to show that the amount of bail was excessive. Thus, we cannot determine from the record before us that the trial court abused its discretion in setting the amount of the bail pending Margoitta's appeal because we have nothing to review. *See, Mayo v. State*, 611 S.W.2d at 444–445.

■ Furthermore, the record reveals that Margoitta posted bail the day after the trial court set the amount. His complaint about the excessiveness of the bail is, therefore, moot. *See, Grady v. State*, 962 S.W.2d 128, 132 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd). Margoitta's first issue is overruled.

## CONDITIONS OF BAIL

In his second issue, Margoitta contends that the conditions attached to being released on bail are void. The conditions he complains about are as follows:

1. Offender shall not have any contact whatsoever with minor children under the age of 18 at anytime [sic] and/or any circumstances.

2. Offender is allowed to have supervised, chaperoned contact with his natural children, Blake and Brittany during the term of probation. The adult chaperone will be approved by the supervising probation officer and/or the court and will be with the offender's children at all times while the children are in the presence of the offender. The court approved chaperone is Rene Margoitta, spouse of the offender.

3. Be prohibited from being employed by any employer or agency where offender may/will have direct contact with minor children under the age of 18, i.e. schools, day care centers, recreation centers, etc. without prior written permission of the probation officer or the court.

4. Be required to submit to a polygraph examination within 10 days of this order and any additional polygraph examination as directed by the McLennan County Community Supervision and Corrections Department and/or the court. Be required to reimburse McLennan County Supervision and Corrections Department $125.00 on the date the polygraph examination is administered.

5. Offender is not [to] go in, around or within 500 feet of premises where children commonly gather, including a private or public school, day care facility, playground, public or private youth center, public swimming pool or video arcade.

6. Be prohibited from possessing any photographs, drawings, magazines or other printed material, motion pictures, video recordings or audio recordings that depict frontal or rear nudity of any kind or those items listed above determined by his probation officer or probation officer supervisor as items that may be used for the purpose of his deviant sexual arousal; the offender is prohibited from frequenting any place where such material is available to him.

7. Be prohibited from having any direct or indirect contact, including but not limited to personal visits, letters, notes, telephone calls, and/or conversations, with [victim], a minor child under the age of 18.

8. Be prohibited from residing within 900 feet of a school, day care center, park, or other areas where children congregate. All living arrangements and location must be approved by the probation officer and/or the court.

9. Offender is not to purchase, subscribe to, or use any Internet sources, world wide Webb services, or Internet browsers, during the term of probation. Offender is to provide his original monthly telephone billing statement and his original charge account card(s) billing statement(s) to his probation officer monthly for review.

10. Offender is not to subscribe to any premium television movie channels including HBO services, Cinemax, Showtime, or any premium paid channels through satellite disk services other than basic television channels provided by the local cable system and or offered through satellite disk services. Offender is to submit to his probation officer each month for review the original billing received by a cable television company or satellite disk service for each month receiving television or satellite services.

11. Offender is not to use, call, or dial any 900 prefix area code numbers during the term of probation. Offender is to provide his original monthly telephone billing statement to his probation officer for review at least once per month.

12. Offender is to remain under house arrest and is ordered to remain at his residence at 2519 Morrow, Waco, Texas, and not to leave his residence unless given prior permission from his probation officer to attend scheduled physician appointments, attorney appointments, working at a legitimate approved job, job seeking approved by the probation officer, and to report to his supervising probation officer at the McLennan County Community Supervision and Corrections Department. Offender is to disconnect any telephone recording device or telephone answering machine connected to his telephone in order for the probation officer to have direct access to his whereabouts at anytime.

## APPLICABLE LAW

▬ Trial courts may impose reasonable conditions for bail pending an appeal. TEX.CODE CRIM. PROC. ANN. art. 44.04 (Vernon Supp.1999); *Speth v. State*, 939 S.W.2d 769, 770 (Tex.App.—Houston [14th Dist.] 1997, no pet.). Conditions of bail pending appeal are subject to a review for abuse of discretion by the trial court. *Easton v. Rains*, 866 S.W.2d 656, 659 (Tex.App.—Houston [1st Dist.] 1993, no pet.). The determination of reasonableness must be

made in light of the condition's purpose—to assure the presence of the defendant if his conviction becomes final. *Valenciano v. State*, 720 S.W.2d 523, 525 (Tex.Crim. App.1986).

Texas courts have found various conditions to be reasonable under certain circumstances. For example, if Chapter 17 of the Code of Criminal Procedure provided for the condition as a part of pre-trial bail, a similar condition on bail pending an appeal would be reasonable. Using this analysis, the Houston appellate courts have held that home confinement, electronic monitoring, random urinalysis, interlock device,[2] payment for electronic monitoring,[3] and payment for probation supervision fees[4] were reasonable conditions of bail pending appeal. Likewise, the Corpus Christi court has found that the safety of the victim is a reasonable condition of bail pending appeal.[5]

■ Further, conditions that rationally relate to an appellant's appearance are reasonable conditions of bail. This has included reporting to a probation officer and remaining in the county,[6] abstention from heroin use, urinalysis and the posting of the results,[7] urinalysis at the appellant's expense only after testing positive for cocaine,[8] and refraining from threatening an ex-wife or going near victims.[9]

■ As noted above, it is beyond dispute that Margoitta has a right to appeal the order of the trial court that set the conditions of bail pending appeal pursuant to article 44.04(g) of the Code of Criminal Procedure. Tex.Code Crim. Proc. Ann. art. 44.04(g) (Vernon Supp.1999). However, he is not relieved of the necessity to preserve

some complaint for our review. The record reveals nothing to show he ever brought his complaint about the conditions of bail to the attention of the trial court. Tex.R.App. P. 33.1(a). We also note that the record is silent regarding whether the trial court had previously set pre-trial conditions of bail and, if so, whether Margoitta considered those to be unreasonable. By failing to object to the conditions of his bail pending appeal, Margoitta waived his complaint, and presents nothing for review. *See, Ex parte Sotelo*, 878 S.W.2d at 181.

■ Assuming Margoitta has properly preserved this complaint for our review, he failed to develop a record to show that the trial court abused its discretion. Thus, we have nothing to review. *See, Easton v. Rains*, 866 S.W.2d at 659. Margoitta's second issue for review is overruled.

## CONCLUSION

Having found nothing preserved or presented for review, the trial court's order setting the bail pending appeal and the conditions attached thereto are affirmed.

2. *Grady v. State*, 962 S.W.2d 128, 132 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd);*Speth v. State*, 939 S.W.2d at 771.

3. *Speth v. State*, 939 S.W.2d at 771.

4. *Easton v. Rains*, 866 S.W.2d at 659.

5. *Rodriguez v. State*, 744 S.W.2d 361, 363 (Tex.App.—Corpus Christi 1988, no pet.)

6. *Ex parte Davila*, 623 S.W.2d 408, 410 (Tex. Crim.App. [Panel Op.] 1981).

7. *Estrada v. State*, 594 S.W.2d 445, 447 (Tex. Crim.App. [Panel Op.] 1980).

8. *Ex parte Sotelo*, 878 S.W.2d 179, 181 (Tex. App.—Fort Worth 1993, pet. ref'd).

9. *Rodriguez v. State*, 744 S.W.2d at 363.