**Philip Martin ANDERER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–99–00988–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 4, 1999.

Matt Hennessy, Houston, for appellants.

Calvin Hartmann, Houston, for Appellee.

Panel consists of Chief Justice MURPHY, and Justices ANDERSON and HUDSON.

## MAJORITY OPINION

ANDERSON, Justice.

Philip Martin Anderer (Appellant) appeals from the trial court's habeas corpus judgment. Appellant was convicted of the felony offense of criminally negligent homicide. *See* Tex.Penal Code Ann. § 19.05 (Vernon 1994). He was sentenced to four years imprisonment. Appellant was granted an appeal bond of $50,000 and, as a condition of his appeal bond, the trial judge ordered that Appellant not operate a motor vehicle pending his appeal. He filed an application for writ of habeas corpus, contending that the "condition of appeal bond that [Appellant] not drive a motor vehicle is patently unreasonable and unconstitutional." The trial court denied Appellant's application. We reverse and remand.

Appellant properly raised his complaint by application for writ of habeas corpus.[1] A bail condition that places an improper infringement on a defendant's freedom of action is within the scope of habeas corpus relief because it is a "restraint." *Ex parte Valenciano v. State,* 720 S.W.2d 523, 524 (Tex.Crim.App.1986). The trial court may properly "impose reasonable conditions on bail pending the finality of conviction." *See id.; see also* Tex.Code Crim.Proc.Ann. art. 44.04(c) (Vernon Supp.1999). The purpose of such conditions, however, is to assure the presence of a defendant if his or her conviction becomes final. *See id.; Speth v. State,* 939 S.W.2d 769, 771 (Tex.App.—Houston [14th Dist.] 1997, no pet.).

To determine the reasonableness of a bond condition, we balance "society's interest in assuring that the [appellant] will appear if and when [the appellant's] conviction becomes final and the [appellant's] interest in remaining free pending appeal." *See id.* at 525. Although we are sympathetic with the trial court's efforts to guard the safety of the citizens of this community by not permitting Appellant to operate a motor vehicle pending appeal, the bond condition is not authorized.[2] The trial court's bond condition does nothing to advance the purpose of the bond, which is to assure Appellant's presence when and if his conviction becomes final. *See id.; Speth,* 939 S.W.2d at 771.

We reverse the judgment of the trial court and grant Appellant's request that the condition prohibiting the operation of any type of a motor vehicle be removed from his appeal bond. Therefore, this matter is remanded to the trial court with

---

1. We also note that when the complained of bond condition was imposed, Appellant made a timely objection. *See Smith v. State,* 993 S.W.2d 408, 411 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd) (en banc).

2. If a trial court possesses "good cause" to believe that a defendant will not appear when

and if his or her conviction becomes final or is likely to commit another offense while free on bail, the proper action is to deny an appeal bond and commit the defendant to custody. *See* Tex.Code Crim.Proc.Ann. art. 44.04(c) (Vernon Supp.1999).

instructions to remove the complained of condition from his appeal bond.

J. HARVEY HUDSON, Justice, dissenting.

The Texas Code of Criminal Procedure governs whether a trial court may admit or deny bail while a convicted felon's appeal is pending. *See* TEX.CODE CRIM.PROC. ANN. Art. 44.04 (Vernon 1996). If bail is granted, trial courts may "impose reasonable conditions on bail pending the finality of [appellant's] conviction." *Id.* at 44.04(c). Setting conditions on bail pending appeal is a matter that is committed to the sound discretion of the trial judge. *See Easton v. Rains,* 866 S.W.2d 656, 659 (Tex.App.— Houston [1st Dist.] 1993, no pet.). As such, these conditions are subject to review only for an abuse of discretion. *Id.*

The Texas Court of Criminal Appeals has interpreted the reasonableness requirement set out in 44.04(c) to mean the court may impose only such conditions that "strike a balance between society's interest in assuring that the defendant will appear if and when his conviction becomes final and the defendant's interest in remaining free pending appeal." *See Valenciano v. State,* 720 S.W.2d 523, 525 (Tex.Crim.App. 1986).

In *Valenciano,* a condition that a sex-offender avoid his family residence was struck as unreasonable because it did nothing to assure his presence should his conviction become final. *Id.* Likewise in *Speth v. State,* a condition prohibiting the defendant from working as chiropractor was held to be invalid. *See Speth v. State,* 939 S.W.2d 769 (Tex.App.—Houston [14 Dist.] 1997).

However, in *Estrada v. State,* 594 S.W.2d 445 (Tex.Crim.App.1980), condi-

tions on the defendant's bail required that he submit to urine testing and attend drug counseling sessions. The Court of Criminal Appeals found the defendant's continued abstention from heroin was "rationally related to the likelihood of his continued appearance in court when necessary," and that the other imposed conditions were also probative of the increased likelihood of the defendant's appearance when ordered. *Id.*

Other cases have allowed conditions that only indirectly affect appearance. *See Ex parte Sotelo,* 878 S.W.2d 179, 181 (Tex. App.—Fort Worth 1993, pet. ref'd) (twice-weekly urinalysis at the appellant's expense were reasonable since the appellant tested positive for cocaine before he objected to the condition). Federal courts have also upheld limited bail conditions which relate indirectly to the defendant's appearance.[1] *See United States v. Spilotro,* 786 F.2d 808, 815 (8th Cir.1986) (accepting the rationale that additional criminal charges would impact a defendant's ability to appear as required); *United States v. Cook,* 428 F.2d 460, 461 (5th Cir.1970)(per curiam) (upholding pretrial bail conditions prohibiting association with "any convicted felons, or any persons of bad reputation, or any other persons on either probation or parole"); *Banks v. United States,* 414 F.2d 1150, 1152 (D.C. Cir.1969) (holding that "for bail pending appeal ... the individual's potential for danger to the community upon release is a permissible consideration."); *See also Owens v. Kelley,* 681 F.2d 1362, 1370 (11th Cir.1982) ( holding that condition of probation requiring probationer to submit to "Psychological Stress Evaluation" examinations did not violate his Fifth Amendment rights); *But see United States v. Cramer,* 451 F.2d 1198 (5th Cir.1971) (va-

---

1. In *Estrada,* the court said that "[t]he fountainhead of constitutionality of bail conditions is that they be "based upon standards relevant to the purpose of assuring the presence of [the] defendant." *Estrada,* 594 S.W.2d at 447 (citing *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951)). Since then, Texas

courts have examined both Texas and Federal law in this area. *See Valenciano v. State,* 720 S.W.2d 523, 525 (Tex.Crim.App.1986); *Macias v. State,* 649 S.W.2d 150 (Tex.App.—El Paso 1983, no pet.); *Rodriguez,* 744 S.W.2d 361.

cating pretrial bail conditions which restricted a youthful defendant's associates to protect him from "fast company," because there was no evidence that the conditions were intended to reasonably assure his appearance in court or were related to that purpose).

In *Rodriguez v. State,* 744 S.W.2d 361, 364 (Tex.App.—Corpus Christi 1988, no pet.), the court held that while on appeal from an assault conviction, a condition of bail that appellant stay away from and not communicate with his ex-wife was reasonable. The court reasoned that if the appellant did so it "is likely to have an impact on the defendant which would adversely affect his likelihood of appearance or which would increase the likelihood of his committing another offense." *Id.* The court went on to say:

> While most conditions placed on bail seem to relate directly to the defendant's presence in the locality of conviction and reporting requirements, other conditions which have been held proper relate indirectly to the likelihood of appearance through restrictions on the defendant's activities.

Here, the record reflects appellant has been convicted of criminally negligent homicide committed while driving a commercial motor vehicle. He was previously convicted in the State of Colorado for being "alcohol impaired" while in a commercial motor vehicle. Finally, appellant has, since his conviction, been involved in another accident while driving a commercial motor vehicle which resulted in injury to the other party. The condition imposed by the trial court seems more like the aforementioned cases wherein the appellants were ordered to comply with some condition that hopefully prevented them from committing similar offenses while awaiting appeal. The rationale seems to be that a person who commits a crime while appealing a conviction for a similar crime, may be incarcerated elsewhere, may fail to appear out of fear of a greater punishment, or

may have a greater motivation to flee the jurisdiction.

A trial court may deny bail pending appeal where it believes the defendant is likely to commit additional offenses while on bail. *See* TEX.CODE CRIM.PROC.ANN. art. 44.04(c) (Vernon Supp.1999). Thus, it seems to me the trial court has some discretion to impose conditions rationally related to preventing the commission of another offense while the defendant is on bail. In light of prior decisions holding that conditions designed to prevent a defendant from committing a similar offense while awaiting appeal are rationally related to ensuring the defendant's future appearance, I cannot say the trial judge abused her discretion. Accordingly, I respectfully dissent.