In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00135-CR


______________________________




DANIEL LEE GERTH, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 21169




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Daniel Lee Gerth appeals from his conviction for the offense of driving while intoxicated,
with a child passenger. He was sentenced to two years' confinement in a state-jail facility. That
sentence was suspended, and Gerth was placed on four years' community supervision. He was also
assessed a fine of $1,500.00. 

 Gerth's notice of appeal was filed July 16, 2007. The clerk's record was filed November 26,
2007. The reporter's record was due November 13, 2007, and has not been filed. Gerth is not
indigent. Therefore, he is responsible for paying for, or making arrangements to pay for, preparation
of the appellate record. See Tex. R. App. P. 35.3(a), (b). 

 On January 9, 2008, we mailed a letter to Gerth's retained counsel, stating that, if we did not
receive information showing that Gerth was making a substantial and tangible effort to prosecute the
appeal by showing either a reasonable attempt to obtain a reporter's record or by filing a brief based
solely on the clerk's record within ten days of the letter, we would dismiss the appeal for want of
prosecution. Gerth has not contacted this Court.

 Accordingly, we dismiss this appeal for want of prosecution. See Tex. R. App. P.
42.3(b), (c); Rodriguez v. State, 970 S.W.2d 133 (Tex. App.--Amarillo 1998, pet. ref'd).




 Bailey C. Moseley

 Justice


Date Submitted: January 30, 2008

Date Decided: January 31, 2008


Do Not Publish



n="false"
 UnhideWhenUsed="false" QFormat="true" Name="Subtitle"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00162-CR

                                                ______________________________

 

 

 

                                EX PARTE:  TRICHA ANN MCLENDON

 

 

                                                                                                  


 

 

                                           On Appeal from the 6th Judicial District Court

                                                           Red River County, Texas

                                                          Trial Court
No. CR-00974

 

                                                     
                                             

 

 

 

                                           Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                         Opinion by Justice Moseley

Dissenting Opinion by Justice Carter








                                                                   O P I N I O N

 

            Tricha Ann
McLendon was convicted of possession of a controlled
substance and was sentenced to two years confinement.  McLendon, an
indigent defendant, filed a motion for reasonable bail pending appeal
requesting to either be permitted to remain at large on the existing bail or be
admitted to reasonable bail, in the amount of no more than $2,500, until
conviction becomes final.  The trial
court set bond in the amount of $50,000.00 and ordered weekly drug testing as a
condition of bond.  McLendon
appeals, arguing that the amount of bond was unreasonable and that the trial
court had no authority to order weekly drug testing.  McLendon failed to
preserve error by neglecting to notify the trial court of her objection to the
bond condition, and we find the amount of the bond reasonable.  Accordingly, we affirm the trial courts
judgment. 

I.          McLendons Complaint Relating to Bond Condition Was Not
Preserved

            McLendon
challenges the condition of bail requiring her to undergo weekly drug
testing.  Although McLendon
had a right to appeal the order of the trial court that set the condition of
drug testing, she was not relieved of the requirement to preserve error by
bringing her complaint about the condition to the attention of the trial
court.  Tex. R. App. P. 33.1(a); Margoitta v. State, 994 S.W.2d 336, 33839 (Tex. App.Waco 1999, no pet.)
(citing Hill v. State, 902 S.W.2d 57,
60 (Tex. App.Houston [1st Dist.] 1995, pet. refd)).  Because McLendon
failed to preserve this point of error by raising it below, the point of error
is overruled. 

II.        Bond
Amount Was Reasonable 

            Article 44.04 of the Texas Code of
Criminal Procedure, entitled Bond pending appeal authorized the trial court
to admit McLendon to reasonable bail and impose
reasonable conditions on bail, pending finality of her conviction.  Tex. Code Crim. Proc. Ann. art.
44.04(c) (West 2006).  In reviewing bail,
we are guided by Article 17.15 of the Texas Code of Criminal Procedure, and we
reverse a lower courts determination only if we find an abuse of discretion. Tex. Code Crim. Proc. Ann. art. 17.15
(West 2005).  That is, we will reverse
the trial courts decision only if it was made without reference to any guiding
principles or was, in other words, arbitrary or unreasonable.  Montgomery
v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).  Even if we would have reached a different
result, we will not intervene if the trial courts ruling was within the zone
of reasonable disagreement.  Id. at 391 (op. on rehg).


            Under Texas law, the amount of bail
required in any case is within the discretion of the court, judge, magistrate,
or officer taking the bail, subject to the following rules:

            1.         The
bail shall be sufficiently high to give reasonable assurance that the
undertaking will be complied with.

 

            2.         The
power to require bail is not to be so used as to make it an instrument of
oppression.

 

            3.         The
nature of the offense and the circumstances under which it was committed are to
be considered.

 

            4.         The
ability to make bail is to be regarded, and proof may be taken upon this point.

 

            5.         The
future safety of a victim of the alleged offense and the community shall be
considered.

Tex. Code Crim. Proc. Ann. art. 17.15. 
In addition, the Texas Court of Criminal Appeals has directed courts to
consider the work record, family and community ties, length of residency, prior
criminal record (if any), and any aggravating circumstances alleged to have
been involved in the offense the accused is charged with committing.  Ex
parte Rubac, 611 S.W.2d 848, 84950 (Tex. Crim.
App. [Panel Op.] 1981).  

            Generally, a writ applicant has the
burden of proving the facts which would entitle the applicant to relief.  Ex
parte Kimes, 872 S.W.2d 700, 703 (Tex. Crim. App.
1993).  The same holds true for an
applicant in a bail reduction proceeding. 
See Ex parte Charlesworth,
600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980).  Although a hearing on the motion for
reasonable bail was set, it was not held.[1]  We will examine the existing record as
presented to us to determine reasonableness of the amount of bail. 

            The nature of the offense and
circumstances surrounding the crime are primary factors in determining what
constitutes reasonable bail.  See Ex parte Davila, 623 S.W.2d 408, 410
(Tex. Crim. App. [Panel Op.] 1981); Ex
parte Hunt, 138 S.W.3d 503, 506 (Tex. App.Fort Worth 2004, pet. refd).  In
considering the nature of the offense, it is also proper to consider the
possible punishment.  Maldonado v. State, 999 S.W.2d 91, 95
(Tex. App.Houston [14th Dist.] 1999, pet. refd).  McLendon was found
guilty of possession of methamphetamine in an amount less than one gram and
received the maximum two-year sentence for this state jail felony.  The nature of this crime suggests that the
bond amount of $50,000.00 may be unreasonable. 

            A criminal defendants ability to
make bond is merely one factor to be considered in determining the appropriate
amount of bond.  Ex parte Scott, 122 S.W.3d 866, 870 (Tex. App.Fort Worth, no pet.)
(citing Tex. Code Crim. Proc. Ann.
art. 17.15(4)).  Here, while there was no
hearing on the motion for reasonable bail, the record establishes that McLendon was indigent and was represented by appointed
counsel during appeal.  The only work
history provided was that she drive[s] a bulldozer for my ex-husband.  No mention of her wages was made.  Yet, [t]o show that he is unable to make
bail, a defendant generally must show that his funds and his familys funds
have been exhausted.  Milner v. State, 263 S.W.3d 146, 149
(Tex. App.Houston [1st Dist.] 2006, no pet.).  The record demonstrates that McLendon met her bail pending trial, which was
$3,000.00.  Without a record establishing
McLendons access to family funds, a record which McLendon had the burden to secure, we find this factor
neutral. 

            There is no mention in the record
suggesting there was a victim in this drug possession case, nullifying the
requirement to provide for the victims future safety.  Also, this was a nonviolent crime, and no
evidence related to the future safety of the community was presented.  However, at a previous revocation hearing,
the trial court heard that McLendon has a pending
case in Titus County, indicating a possible prior criminal history. 

            This offense occurred in Red River
County.  The motion for reasonable bail
states McLendon is a native of Red River County and
has family ties to Red River County. 
Although she might be a native of the county, McLendon
testified during the revocation hearing that she had not lived in Red River
County in over five years.  The record
also establishes that McLendon tested positive for
amphetamines during the pendency of this case. 
McLendons drug use, combined with the fact
that she was not a resident of Red River County, could have led the trial court
to determine that McLendon was a flight risk.  

            Based on this record, we cannot hold
that the trial court acted without reference to any guiding principles or was
arbitrary or unreasonable in setting the bond amount.  We overrule McLendons
point of error. 

III.       Conclusion

            We affirm the judgment of the trial
court. 

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

 

DISSENTING OPINION

            The
statute requires that four objective factors be considered in setting bail; all
of them indicate that this bail setting is unreasonable.

            1.         Reasonable assurance of complianceMcLendon apparently complied with a pretrial bond set at $3,000.00
and appeared so that her case was processed. 
If we draw any conclusion from this information, it would be that her
history does not support a finding that such a substantial bail was required to
give reasonable assurance of her compliance. 


            2.         Nature of the offenseThis is the
lowest level felony offense (state jail) and the maximum punishment is two years
incarceration.  The conviction was for
her personal possession of less than one gram of a controlled substance.  

            3.         Ability to make bondShe is indigent,
which means she has little or no assets or resources from which to provide
funds for bail. 

            4.         Future safetyThis offense for
possession of a drug was a nonviolent offense. 
There is no evidence that she is a threat to the safety of the
community.

            Vague
references to a pending case does not establish a criminal history.  Perhaps the trial court had some information
that is undisclosed that would suggest that such a substantial bond was now
required; if so, that could have been produced had a hearing been
conducted.  Based on the record before
us, a bail of $50,000.00 in this instance is unreasonable.  In view of the circumstances presented, a
reasonable bail setting should not exceed $10,000.00.  

            I
respectfully dissent. 

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date
Submitted:          December 5, 2011

Date
Decided:             December 6, 2011

 

Publish











[1]In
a letter dated November 8, 2011, this Court recited it had been informed by
telephone that a hearing on this motion did not occur, and asked the trial court
to confirm in writing, within ten days of the date of this letter, that no
hearing was held on this motion on August 8th, and that no hearing on bail
pending appeal was conducted.  The court
failed to respond to our request.  In the
absence of a response, and because the courts docket sheet does not reflect
the occurrence of a hearing, we proceed as if none occurred.