

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00162-CR

_____

EX PARTE:   TRICHA ANN MCLENDON

On Appeal from the 6th Judicial District Court
Red River County, Texas
Trial Court No. CR-00974

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley
Dissenting Opinion by Justice Carter

OPINION

Tricha Ann McLendon was convicted of possession of a controlled substance and was sentenced to two years' confinement. McLendon, an indigent defendant, filed a motion for reasonable bail pending appeal requesting to either "be permitted to remain at large on the existing bail" or "be admitted to reasonable bail, in the amount of no more than $2,500, until conviction becomes final." The trial court set bond in the amount of $50,000.00 and ordered weekly drug testing as a condition of bond. McLendon appeals, arguing that the amount of bond was unreasonable and that the trial court had no authority to order weekly drug testing. McLendon failed to preserve error by neglecting to notify the trial court of her objection to the bond condition, and we find the amount of the bond reasonable. Accordingly, we affirm the trial court's judgment.

## I.     McLendon's Complaint Relating to Bond Condition Was Not Preserved

McLendon challenges the condition of bail requiring her to undergo weekly drug testing. Although McLendon had a right to appeal the order of the trial court that set the condition of drug testing, she was not relieved of the requirement to preserve error by bringing her complaint about the condition to the attention of the trial court. TEX. R. APP. P. 33.1(a); *Margoitta v. State*, 994 S.W.2d 336, 338–39 (Tex. App.—Waco 1999, no pet.) (citing *Hill v. State*, 902 S.W.2d 57, 60 (Tex. App.—Houston [1st Dist.] 1995, pet. ref'd)). Because McLendon failed to preserve this point of error by raising it below, the point of error is overruled.

## II.    Bond Amount Was Reasonable

Article 44.04 of the Texas Code of Criminal Procedure, entitled "Bond pending appeal" authorized the trial court to admit McLendon to "reasonable bail" and "impose reasonable conditions on bail," pending finality of her conviction.   TEX. CODE CRIM. PROC. ANN. art. 44.04(c) (West 2006).   In reviewing bail, we are guided by Article 17.15 of the Texas Code of Criminal Procedure, and we reverse a lower court's determination only if we find an abuse of discretion. TEX. CODE CRIM. PROC. ANN. art. 17.15 (West 2005).   That is, we will reverse the trial court's decision only if it was made without reference to any guiding principles or was, in other words, arbitrary or unreasonable.   *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).   Even if we would have reached a different result, we will not intervene if the trial court's ruling was within the zone of reasonable disagreement.   *Id*. at 391 (op. on reh'g).

Under Texas law, the amount of bail required in any case is within the discretion of the court, judge, magistrate, or officer taking the bail, subject to the following rules:

> 1.    The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.
>
> 2.    The power to require bail is not to be so used as to make it an instrument of oppression.
>
> 3.    The nature of the offense and the circumstances under which it was committed are to be considered.
>
> 4.    The ability to make bail is to be regarded, and proof may be taken upon this point.

3

> 5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX. CODE CRIM. PROC. ANN. art. 17.15. In addition, the Texas Court of Criminal Appeals has directed courts to consider the work record, family and community ties, length of residency, prior criminal record (if any), and any aggravating circumstances alleged to have been involved in the offense the accused is charged with committing. *Ex parte Rubac*, 611 S.W.2d 848, 849–50 (Tex. Crim. App. [Panel Op.] 1981).

Generally, a writ applicant has the burden of proving the facts which would entitle the applicant to relief. *Ex parte Kimes*, 872 S.W.2d 700, 703 (Tex. Crim. App. 1993). The same holds true for an applicant in a bail reduction proceeding. *See Ex parte Charlesworth*, 600 S.W.2d 316, 317 (Tex. Crim. App. [Panel Op.] 1980). Although a hearing on the motion for reasonable bail was set, it was not held.[1] We will examine the existing record as presented to us to determine reasonableness of the amount of bail.

The nature of the offense and circumstances surrounding the crime are primary factors in determining what constitutes reasonable bail. *See Ex parte Davila*, 623 S.W.2d 408, 410 (Tex. Crim. App. [Panel Op.] 1981); *Ex parte Hunt*, 138 S.W.3d 503, 506 (Tex. App.—Fort Worth 2004, pet. ref'd). In considering the nature of the offense, it is also proper to consider the possible punishment. *Maldonado v. State*, 999 S.W.2d 91, 95 (Tex. App.—Houston [14th Dist.] 1999,

---

[1]In a letter dated November 8, 2011, this Court recited it had "been informed by telephone that a hearing on this motion did not occur," and asked the trial court to "confirm in writing, within ten days of the date of this letter, that no hearing was held on this motion on August 8th, and that no hearing on bail pending appeal was conducted." The court failed to respond to our request. In the absence of a response, and because the court's docket sheet does not reflect the occurrence of a hearing, we proceed as if none occurred.

pet. ref'd). McLendon was found guilty of possession of methamphetamine in an amount less than one gram and received the maximum two-year sentence for this state jail felony. The nature of this crime suggests that the bond amount of $50,000.00 may be unreasonable.

A criminal defendant's ability to make bond is "merely one factor to be considered in determining the appropriate amount of bond." *Ex parte Scott*, 122 S.W.3d 866, 870 (Tex. App.—Fort Worth, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 17.15(4)). Here, while there was no hearing on the motion for reasonable bail, the record establishes that McLendon was indigent and was represented by appointed counsel during appeal. The only work history provided was that she "drive[s] a bulldozer for my ex-husband." No mention of her wages was made. Yet, "[t]o show that he is unable to make bail, a defendant generally must show that his funds and his family's funds have been exhausted." *Milner v. State*, 263 S.W.3d 146, 149 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The record demonstrates that McLendon met her bail pending trial, which was $3,000.00. Without a record establishing McLendon's access to family funds, a record which McLendon had the burden to secure, we find this factor neutral.

There is no mention in the record suggesting there was a victim in this drug possession case, nullifying the requirement to provide for the victim's future safety. Also, this was a nonviolent crime, and no evidence related to the future safety of the community was presented. However, at a previous revocation hearing, the trial court heard that McLendon "has a pending case in Titus County," indicating a possible prior criminal history.

This offense occurred in Red River County. The motion for reasonable bail states "McLendon is a native of Red River County and has family ties to Red River County." Although she might be a native of the county, McLendon testified during the revocation hearing that she had "not lived in Red River County in over five years." The record also establishes that McLendon tested positive for amphetamines during the pendency of this case. McLendon's drug use, combined with the fact that she was not a resident of Red River County, could have led the trial court to determine that McLendon was a flight risk.

Based on this record, we cannot hold that the trial court acted without reference to any guiding principles or was arbitrary or unreasonable in setting the bond amount. We overrule McLendon's point of error.

## III. Conclusion

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

DISSENTING OPINION

The statute requires that four objective factors be considered in setting bail; all of them indicate that this bail setting is unreasonable.

1.      Reasonable assurance of compliance—McLendon apparently complied with a pretrial bond set at $3,000.00 and appeared so that her case was processed.  If we draw any conclusion from this information, it would be that her history does not support a finding that such a substantial bail was required to give reasonable assurance of her compliance.

2.      Nature of the offense—This is the lowest level felony offense (state jail) and the maximum punishment is two years' incarceration.  The conviction was for her personal possession of less than one gram of a controlled substance.

3.      Ability to make bond—She is indigent, which means she has little or no assets or resources from which to provide funds for bail.

4.      Future safety—This offense for possession of a drug was a nonviolent offense. There is no evidence that she is a threat to the safety of the community.

Vague references to "a pending case" does not establish a criminal history.  Perhaps the trial court had some information that is undisclosed that would suggest that such a substantial bond was now required; if so, that could have been produced had a hearing been conducted.  Based on the record before us, a bail of $50,000.00 in this instance is unreasonable.  In view of the circumstances presented, a reasonable bail setting should not exceed $10,000.00.

7

I respectfully dissent.

Jack Carter
Justice

Date Submitted:     December 5, 2011
Date Decided:       December 6, 2011

Publish