**UNITED STATES of America**

v.

**Eddie M. HARRISON, Appellant.**

**No. 22302.**

United States Court of Appeals
District of Columbia Circuit.

Filed Oct. 23, 1968.

Mr. Alfred V. J. Prather, Washington, D. C., (appointed by this court) was on the motion for appellant.

Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Robert P. Watkins, Asst. U. S. Attys., were on the opposition to the motion.

Before McGOWAN, TAMM and LEVENTHAL, Circuit Judges.

### ORDER

On consideration of appellant's motion for release on bond pending appeal and of appellee's opposition thereto, it is

Ordered by the Court that appellant shall be admitted to bail pending appeal upon appellant executing and filing with the Clerk of the United States District Court for the District of Columbia a

personal recognizance bond. The aforesaid bond is to be signed by appellant for his appearance pursuant to Rule 46(d) of the Federal Rules of Criminal Procedure, and said bond is to be conditioned upon the following:

(1) Such release shall be subject to the provisions of Title 18 United States Code § 3146.

(2) Appellant shall surrender himself forthwith to the custody of the United States Marshal for the District of Columbia when properly called upon to do so, to be dealt with and proceeded against in his case according to law, in case the judgment appealed from in his case shall be affirmed, or the appeal be for any cause dismissed, or the judgment be reversed and a new trial ordered, or further order of this court be entered revoking or vacating this order.

(3) Appellant immediately upon his release shall report to the Probation Officer of the United States District Court for the District of Columbia, and pursuant to the direction and discretion of said Probation Officer, report to him or his designated deputy at such times and in such manner as said Probation Officer provides, subject to the same conditions applicable to probationers under his supervision.

(4) Appellant shall not leave the Washington Metropolitan Area without the permission of the Court.

(5) Appellant shall reside with his wife and two children within the Washington Metropolitan Area.

(6) Upon release, appellant shall obtain suitable employment.

The aforesaid Probation Officer is requested to promptly inform this court of any matters which may come to his attention during such supervision that may adversely affect appellant's right to remain on bail, and to inform this court in the event appellant is not able to support himself or acquire housing as specified above.

PER CURIAM:

Appellant has been convicted four times for felony-murder in connection with an attempted armed robbery on March 8, 1960.[1] The first three were reversed and the fourth conviction, entered August 14, 1968, is presently before this court. The four trials and three appeals—one to the Supreme Court—have consumed over 8 years.

Appellant applied to the District Court for release on personal bond pending appeal. 18 U.S.C. § 3147 (Supp. III, 1965–67). This request was denied on the following grounds:

The reasons for refusing the release of the defendant were the nature of the offense and the lengthy history of the proceeding. The defendant has been convicted of a capital offense on four occasions over a period of more than eight years and has been imprisoned throughout that time. In these circumstances release pending appeal did not seem warranted or appropriate.

The Bail Reform Act provides that appellant should be released unless no terms or conditions of release will reasonably assure that he will not flee or pose a danger to any person or to the community, or unless the appeal is frivolous or taken for delay. 18 U.S.C. § 3148 (Supp. III, 1965–67).

This appeal appears to raise substantial questions,[2] and appellant's present incarceration rules out delay as a mo-

1. The Government's case essentially is that appellant, with two friends, saw the victim, a professional gambler, exhibit publicly a large sum of money. It is claimed that the three followed him to his home with a purpose to rob, and the victim was killed by a shotgun blast through the door which he had tried to slam in their faces. Appellant's defense had been that the shooting occurred accidentally in the course of an innocent visit.

2. These contentions include alleged perjury by the Government's chief witness, denial of a speed trial, and a faulty jury instruction.

tive. We do not understand the District Court as having denied release for these reasons. However, a principal reason given by the District Court—the lengthy history of the proceeding—is wholly unrelated to the criteria of the Bail Reform Act.

Therefore, the denial must rest on the relationship of "the nature of the offense" to the grounds of danger or flight. The Government opposes release because appellant "has nothing to lose by fleeing the jurisdiction." But, even if appellant's conviction is affirmed, he would be eligible for parole within seven years. 24 D.C.Code § 203 (1967). In light of appellant's outstanding prison record, "nothing to lose" is hardly an accurate statement. Appellant has in fact had numerous opportunities to flee, which he has not utilized.

The nature of the offense does relate to appellant's risk of danger to the community. This risk has been strongly rebutted by appellant's conduct since the time of the offense. Appellant was eighteen years old when arrested, and he has been in jail ever since. Over the course of this eight and one-half year period, appellant has shown a desire and aptitude for self-improvement. As Cell Block Clerk and Principal Recreation Aide, appellant has had the privilege of attending recreational and civic functions outside the jail. He was the first "life-termer" to be given such a privilege. Prison officials, through affidavits submitted to this court, have testified that appellant is a "completely trustworthy and dependable individual," that he has "never demonstrated any reluctance to honor the conditions upon which he was permitted to attend these community activities," and that he "has

made the necessary social adjustment to enable him to be of great valuable assistance to his community in the event he is released on bail pending appeal."[3]

This outstanding detention record, coupled with the appellant's strong area ties, his family's help, assured employment, and his apparent determination to live a useful and productive life are obviously factors to be weighed against any risk of danger that the nature of his offense would indicate.

Under the statutory guidelines imposed by Congress it is our duty, if possible, to set conditions under which appellant may be released. 18 U.S.C. § 3148 (Supp. III, 1965–67). Such conditions are possible here, and we have accordingly, ordered release.

This order is not really a reversal of the District Court's decision, for it appears that the substantial showing made to this court on appeal was not made to the District Court. Instead, the District Court seems to have been presented with a relatively perfunctory oral motion for release on recognizance following appellant's sentencing by the District Judge. The pressure on defense counsel to make a quick motion for release is understandable. But release on recognizance, especially in a capital case, is the kind of motion that should be prepared with care, and with full supporting papers. Ordinarily, our procedure would lead us to remand the motion for presentation, as amplified, for consideration by the District Court in the first instance. However, in the present case the showing is so clear that we are confident that our disposition at this juncture makes no difference in the final result.

3. Affidavits in support of appellant's release have come from John D. Fauntleroy, Juvenile Court Judge and Vice President of the United Planning Organization; Dr. Ralph Stokes of the Department of Corrections; Maurice H. Lewis, Recreation Officer, D.C. Jail; Edward P. Robinson, correctional counselor; Lieutenant James C. Norwood of the D.C. Jail; and Robert M. Depro, Shift Captain, Department of Corrections. These individuals repeatly emphasize appellant's trustworthiness and dependability.

Appellant's motion for release in the District Court was orally made, and none of the foregoing affidavits were before the District Court.

This court's release on conditions, granted for reasons already adduced, is subject to modification by the District Court in the event of any significant change in underlying circumstances.

Circuit Judge TAMM did not participate in the foregoing order and opinion.