In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00088-CR
_____

EX PARTE JAMES KOONS

On Appeal from the 1A District Court
Jasper County, Texas
Trial Cause No. 13678JD

MEMORANDUM OPINION

In this appeal, James Koons challenges the trial court's ruling on his petition for habeas corpus. In a petition that he filed in the trial court, Koons challenged one of the conditions the trial court established when setting his bond to gain his release from jail. The condition that is the subject of Koons' challenge prevents him from coming within 1,000 yards of his alleged victim, a ten-year-old minor.[1] On appeal,

----

[1] In this case, the record shows the trial court ruled on the merits of Koons' petition for habeas relief. Because we have jurisdiction to consider appeals from

Koons argues the 1,000-yard restriction is unreasonable because it prevents him from living in his home.[2] Because the record fails to support the claims Koons advances in his appeal, we affirm the trial court's judgment.

Background

In February 2019, the State charged Koons with having committed the crime of aggravated sexual assault against a child, a first-degree felony.[3] On March 18, 2019, the day the police arrested Koons, a magistrate set his appearance bond at $250,000. On the following day, by motion, the State asked the trial court to reduce Koons' bond to $5,000 conditioned on Koons' agreement (1) not to have any contact with his alleged victim or her family, (2) to report at least once a month to the community supervision department, (3) to submit to random drug testing, and (4) to agree to allow the community supervision department's employees to visit him at his home. A document attached to the State's motion bearing the signature of Jasper County's Sheriff states that the "jail does not have the means of caring for [Koons]

---

final judgments, we have jurisdiction over Koons' appeal. *Ex parte Villanueva*, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008).

[2] *See* Tex. R. App. P. 31 (providing for accelerated appeals in criminal cases concerning bail proceedings).

[3] *See* Tex. Penal Code Ann. § 22.021 (West 2019).

at this time." Two days later, in district court, Koons filed an application for habeas corpus relief complaining a $250,000 bond was excessive and violated his rights.

Several days later, the district court presided over an evidentiary hearing on Koons' request for habeas relief. When the court asked Koons' attorney if he planned to call any witnesses, he responded "[n]ot at this time." Neither Koons, nor the State, called any witnesses or introduced any evidence during the hearing. Koons' attorney advised the trial court in the hearing that Koons was "in bad health," and that the Sheriff had "sent over a notice" explaining that he could not hold Koons in jail based on Koons' health. Koons' attorney also told the trial court that Koons needed "to have a CPAP and has some serious health issues."

Thereafter, the trial court asked the District Attorney about the State's position regarding Koons' petition for habeas relief. The District Attorney said: "We could agree to a $5,000 bond, . . . with conditions[,]" which we gather referenced the conditions in a motion the State filed when it asked the trial court to reduce Koons' bond. At the conclusion of the habeas proceeding, the judge lowered Koons' bond to $5,000, required the bond to be guaranteed by a surety, and imposed several conditions on Koons, which included a restriction preventing him from coming within 1,000 yards of the alleged minor victim. The 1,000-yard restriction is the sole condition that Koons challenges in his appeal.

After a brief recess, Koons' attorney argued the 1,000-yard restriction the trial court imposed as a condition that Koons had to follow while on bond was unconstitutional and unreasonable because the condition prevented Koons from living in his residence and would create problems that would be detrimental to Koons' health.[4]

Standard of Review

By statute, Texas law allows a magistrate to "impose any reasonable condition" on a defendant's bond that is related to the safety of the alleged victim of the defendant's offense.[5] The Legislature has directed courts to impose certain additional conditions to bail bonds in cases where the defendant has been charged with crimes involving sexual offenses against children who are not yet fourteen years old.[6] For instance, in cases like Koons', which involve the crime of aggravated

---

[4] While no witnesses testified in the hearing, the trial court asked a person who, based on the trial court's statement, was named "Dawn," which the record identifies simply as "probation officer," whether Koons' home was within 1,000 yards of the victim's home. The probation officer replied: "[F]rom where [Koons] parks to the [victim's] front door may be 50 feet. It's right there." The trial court's findings of fact mention the probation officer's statement about the 50-yard distance between the victim's and Koons' residence, but also states: "No evidence or witnesses were offered by [Koons] or the State at the [habeas proceeding on] March 25, 2019[.]"

[5] Tex. Code Crim. Proc. Ann. art. 17.40(a) (West 2015).

[6] *Id*. art. 17.41 (West 2015).

4

sexual assault against an alleged victim who is not yet fourteen, the magistrate must when setting a defendant's jail bond (1) prohibit the defendant from communicating directly with the alleged victim of the offense and (2) prohibit the defendant from going "near a residence, school, or other location, as specifically described in the bond, frequented by the alleged victim" when setting the defendant's bond.[7]

We review a trial court's ruling on a pretrial application for a writ of habeas corpus using an abuse of discretion standard.[8] In conducting our review, we view the facts in the light most favorable to the trial court's ruling and defer to the trial court's findings when the findings are supported by the record.[9] The defendant seeking relief through a writ of habeas corpus bears the burden to prove by a preponderance of the evidence that he is entitled to relief.[10]

On appeal, the appellate court will not disturb the habeas court's ruling unless the party appealing from the ruling demonstrates that an abuse of discretion

---

[7] *Id.* art. 17.41(a), (b).

[8] *Washington v. State*, 326 S.W.3d 701, 704 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

[9] *Id.* at 704 (citing *Ex parte Wheeler*, 203 S.W.3d 317, 325-26 (Tex. Crim. App. 2006).

[10] *Id.* at 706; *Ex parte Graves*, 271 S.W.3d 801, 803 (Tex. App.—Waco 2008, pet. ref'd).

5

occurred.[11] A trial court does not abuse its discretion if the condition that is challenged in the appeal is a condition that the defendant failed to prove unreasonably impinged on his constitutional rights.[12]

Analysis

The record from the habeas trial shows that none of the parties called any witnesses or introduced any evidence. Thus, the record before us shows that Koons failed to meet his burden of proof to establish the 1,000-yard restriction is unduly burdensome to the point that it violates his constitutional rights.

For example, while Koons argues the 1,000-yard restriction is unreasonable because it excludes him from his residence and prevents him from having access to medical equipment that he keeps in his home, there is nothing in the record that proves these allegations and nothing to prove he has no other place to live while he is free on bond. Koons also failed to establish during the hearing that the medical equipment he needs cannot be moved to a suitable location where the equipment would be available for his use.

---

[11] *Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013) (citing *Ex parte Spaulding*, 612 S.W.2d 509, 511 (Tex. Crim. App. 1981)); *see also Ex parte Wheeler*, 203 S.W.3d at 324.

[12] *See Estrada v. State*, 594 S.W.2d 445, 445 (Tex. Crim. App. 1980).

Here, State law required the trial court to prevent Koons from going near the alleged minor victim's residence based on some restriction imposed on the defendant in his bond.[13] In this case, Koons complains the restriction is unreasonable but he provided no evidence proving his claim. Thus, there is nothing in the record that Koons can rely on to establish the 1,000-yard restriction the court imposed violated any of Koons' rights. Because Koons failed to meet his burden of proof, we affirm the trial court's judgment on the habeas proceeding in the court below.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on June 12, 2019
Opinion Delivered August 21, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[13] Tex. Code Crim. Proc. Ann. art. 17.41(b)(2).